IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STACIE GONZALEZ** | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-cv-5187 |
| | : | |
| **ANDREW M. SAUL**[1] | : | |
| *Commissioner of the Social* | : | |
| *Security Administration.* | : | |
| | : | |

**ORDER**

**AND NOW**, this 12th day of June, 2020, upon consideration of Plaintiff's Brief in Support of Request for Review (ECF No. 12), Defendant's Response (ECF No. 13), Plaintiff's Reply (ECF No. 14), the Report and Recommendation by United States Magistrate Judge Linda K. Caracappa (ECF No. 17), Plaintiff's Objections (ECF No. 18), and the administrative record, I find as follows:

**I.     Procedural Background**[2]

1. On July 23, 2015, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, under Titles II and XVI respectively of the Social Security Act, 42 U.S.C. § 410, et seq., alleging disability—since September 13, 2015—due to various physical and mental impairments.

---

[1]     Andrew M. Saul became Commissioner of the Social Security Administration on June 4, 2019 and is, therefore, substituted for Nancy A. Berryhill as Defendant in this suit. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 205(g) (Social Security disability actions "survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

[2]     In lieu of engaging in a lengthy discussion of the factual background of Plaintiff's medical history, I incorporate by reference the thorough discussion set forth in the Report and Recommendation.

1

2. The state agency initially denied Plaintiff's application, prompting her to request an administrative hearing before an Administrative Law Judge ("ALJ"). Following that hearing, the ALJ issued a decision, dated November 27, 2017, deeming Plaintiff not disabled. While the ALJ determined that Plaintiff has severe physical and mental impairments, including degenerative disc disease, vertigo, lateral elbow epicondylitis, obesity, mood disorder, and borderline intellectual functioning, the ALJ found that none of these impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ further found that Plaintiff retains the residual functional capacity ("RFC") to perform light work, except for the limitation of avoiding the following: hazardous machinery, unprotected heights, and climbing scaffolds and ladders. In addition, the ALJ remarked that Plaintiff should not be given detailed instructions. Despite these limitations, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (R. 30–38.)

3. The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security.

4. Plaintiff filed this action on December 3, 2018, challenging the ALJ's decision. The matter was referred to United States Magistrate Judge Linda K. Caracappa, who issued a Report and Recommendation ("R&R") on October 31, 2019, recommending that Plaintiff's request for review be denied and the decision of the Commissioner be affirmed.

5. Plaintiff timely filed objections on November 11, 2019, setting forth three allegations of error, alleging that: (1) the Magistrate Judge erred in her review of the ALJ's treatment of Dr. Zimmerman's psychological and IQ evaluation of Plaintiff; (2) the Magistrate

Judge erred in affirming the ALJ's decision about Plaintiff's ability to perform light work; and (3) the Magistrate Judge erred in concluding that the ALJ's hypothetical question asked of the vocational expert (who was called by the ALJ to testify) was properly framed.[3]

## II. Standard of Review

6. The court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact." Gilmore v. Barnhart, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005) (quoting Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001)).

7. With respect to legal conclusions reached by the Commissioner, the court exercises plenary review. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Stated differently, the court reviews the ALJ's application of the law *de novo*. Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007).

8. Judicial review of the Commissioner's factual conclusions is limited to determining whether "substantial evidence" supports the decision. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable

---

[3] Where a United States Magistrate Judge has issued a report and recommendation in a social security case and a party makes a timely and specific objection to that report and recommendation, the district court is obliged to engage in *de novo* review of only those issues raised on objection. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. The court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1). In the exercise of sound judicial discretion, the court may also rely on the Magistrate Judge's proposed findings and recommendations. See United v. Raddatz, 447 U.S. 667, 676 (1980).

mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)). Thus, even if the reviewing court would have decided the case differently, the Commissioner's decision must be affirmed if it is supported by substantial evidence. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190–91 (3d Cir. 1986).

**III.   Plaintiff's Objections**

    A.   Whether the Magistrate Judge Erred in Her Review of the ALJ's Treatment of Dr. Zimmerman's Psychological and IQ Evaluation of Plaintiff

9. Plaintiff's first objection stems from Judge Caracappa's finding that the ALJ's Step Three analysis[4] was supported by substantial evidence. At Step Three, the ALJ concluded that Plaintiff is not *per se* disabled under Listing 12.05B. Plaintiff raises three arguments herein that are largely restatements of those presented in her request for review.

10. First, Plaintiff claims that the ALJ's decision improperly departed from the opinions provided by psychologist, Dr. Gerald Zimmerman, Ph.D. about Plaintiff's intellectual abilities. However, Plaintiff essentially reiterates the argument presented in her request for review. In the R&R, Judge Caracappa found that substantial evidence in the record supports the ALJ's finding that Dr. Zimmerman's conclusion—based on a one-time psychological evaluation as to Plaintiff's residual functional capacity—was inconsistent with Plaintiff's medical records on the whole, including review of Plaintiff's daily

---

[4] An ALJ evaluates each case using a sequential process until a finding of "disabled" or "not disabled" is reached. The sequence requires an ALJ to assess whether a claimant: (1) is engaging in substantial gainful activity; (2) has a severe "medically determinable" physical or mental impairment or combination of impairments; (3) has an impairment or combination of impairments that meet or equal the criteria listed in the social security regulations and mandate a finding of disability; (4) has the residual functional capacity to perform the requirements of her past relevant work, if any; and (5) is able to perform any other work in the national economy, taking into consideration her residual functional capacity, age, education, and work experience. See 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

functioning, therapy records, and work history. 20 C.F.R. § 404.1527(d)(2) ("Although we consider opinions from medical sources on issues such as . . . your impairments. . . , your residual functional. . ., the final responsibility for deciding these issues is reserved to the Commissioner."); <u>Mason v. Shalala</u>, 994 F.2d 1058, 1067 (3d Cir. 1993) (noting that treating physicians' reports are entitled to greater weight than non-treating physicians' or a one-time examiner's); <u>Louis v. Comm'r Soc. Sec.</u>, No. 19-2575, 2020 WL 1867931, at *5 (3d Cir. Apr. 14, 2020) (holding that the ALJ properly afforded only partial weight to an expert's opinion where a contrary conclusion about the Social Security petitioner's mental and physical impairments was supported by other objective evidence in the record). Thus, I conclude that Judge Caracappa correctly resolved these issues in the R&R.

11. Plaintiff next argues that the ALJ abused its discretion in failing to order a consultative examination to evaluate Plaintiff's intellectual abilities. As an initial point, Plaintiff acknowledges that the decision to order such examinations is within the ALJ's discretion. <u>See</u> Pl.'s Objections at 4, ECF No. 18 ("The decision of the Magistrate indicates that consultative examinations are discretionary, and are not required. This is true, but the discretion can and was abused."); 20 C.F.R. § 404.1527(e)(2)(iii) (stating that the ALJ "may" ask for medical expert testimony); 20 C.F.R. §§ 404.1517, 404.1519a(a) (stating that a consultative examination "may" be ordered). Even so, Plaintiff already presented this argument before the Magistrate Judge. I find that Judge Caracappa appropriately resolved this issue in the R&R.

12. Finally, Plaintiff contends that Judge Caracappa erred in affirming the ALJ's conclusion that Plaintiff failed to establish deficits in adaptive functioning. Specifically, Plaintiff

claims that, in reaching this conclusion, the ALJ did not conform with the inquiry requirements of Social Security regulation 12.00(H)(3)(e)[5] because the ALJ allegedly failed to inquire about or consider Plaintiff's past work duties and performance as a forklift driver.

13. Upon review of the record, the ALJ's opinion, the transcript of the hearing before the ALJ, and the R&R, I find that Plaintiff's argument lacks merit. As set forth in the record, the ALJ inquired about and considered the nature, quality, and duration of Plaintiff's prior position as a forklift driver. The ALJ analyzed the documents and testimony produced by Plaintiff as well as the testimony provided by the vocational expert, who appeared and testified before the ALJ about the nature, quality, and duration of Plaintiff's prior work as a forklift driver. Moreover, and as articulated by Judge Caracappa, the ALJ's analysis at Step Three was not solely based upon Plaintiff's prior work activity as it was one a several factors in the ALJ's analysis. Accordingly, for the reasons thoughtfully set forth in the R&R, I conclude that the ALJ's Step Three analysis and conclusion—that Plaintiff does not have deficits in adaptive functioning—were supported by substantial evidence.

---

[5] Section 12.00(H)(3)(e) provides guidance on an ALJ's consideration of an individual's work activity in determining whether an individual is disabled for purposes of social security. In relevant part, it states, "[w]e need complete information about the work, and about your functioning in the work activity and work setting, before we reach any conclusions about your adaptive functioning. We will consider all factors involved in your work history before concluding whether your impairment satisfies the criteria for intellectual disorder . . . We will consider your prior and current work history, if any, and various other factors influencing how you function." 20 C.F.R. Part 404, Subpart P, Appendix 1.

   B. <u>Whether the Magistrate Judge Erred in Affirming the ALJ's Decision about Plaintiff's Ability to Perform Light Work</u>

14. Plaintiff's second objection concerns the ALJ's conclusion that Plaintiff is able to perform light work. Plaintiff claims that the ALJ failed to provide substantial support for this decision.

15. Again, Plaintiff restates arguments previously presented in her request for review. It is well established that "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." <u>Gray v. Delbiaso</u>, No. 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017), <u>appeal dismissed</u> 2017 WL 6988717 (3d Cir. 2017); <u>see also</u> <u>Tucker v. PA</u>, 18-201, 2020 WL 1289181, at *1 (E.D. Pa. Mar. 18, 2020). Stated differently, "[w]here objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled." <u>Prout v. Giroux</u>, No. 14-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016); <u>see also</u> <u>Luckett v. Folino</u>, No. 09-0378, 2010 WL 3812329, at *1 (M.D. Pa. Aug. 18, 2010) (denying objections to R&R because "[e]ach of these objections seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge [ ]."); <u>Morgan v. Astrue</u>, No. 08-2133, 2009 WL 3541001, at *4 (E.D. Pa. 2009) (holding that to re-address objections that were raised to the magistrate judge "would simply duplicate the thorough efforts of the Magistrate Judge and defeat any benefit of judicial efficiency gained by the report and recommendation process."). For the reasons set forth in the R&R, substantial evidence supports the ALJ's determination that Plaintiff is able to perform light work with limitations.

C. Whether the Magistrate Judge Erred in Concluding that the ALJ's Hypothetical Question to the Vocational Expert was Properly Framed

16. Plaintiff's final objection challenges Judge Caracappa's finding that the ALJ properly framed his hypothetical question to the vocational expert.[6]  Specifically, Plaintiff claims that in asking the vocational expert about Plaintiff's residual functional capacity, the ALJ's hypothetical question failed to list all of Plaintiff's limitations.

17. Plaintiff again reiterates argument previously presented in her request for review.  For the reasons set forth in the R&R, substantial evidence supports the ALJ's findings as to Plaintiff's residual functioning capacity.

**WHEREFORE**, it is hereby **ORDERED** that:

1. The Report and Recommendation (ECF No. 17) is **APPROVED and ADOPTED**;

2. Plaintiff's Request for Review is **DENIED**;

3. Judgment is **ENTERED** in favor of **DEFENDANT**;

4. The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

/s/ Mitchell S. Goldberg
**MITCHELL S. GOLDBERG, J.**

---

[6] In relevant part, the ALJ asked, "I would like you to consider hypothetically an individual 36 years of age with training, education, and experience as in the present case who is able to lift 20 pounds, stand and walk six hours throughout an eight-hour day, sit for six or more hours throughout an eight-hour day, non-exertional limitations, no detailed instructions, hazardous machinery, unprotected heights, or climbing scaffolds and ladders.  Given those facts and circumstances is there any work the hypothetical individual could perform on a sustained basis including past work of the claimant?"  (R. 70.)